UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO. **01-7413**

TODDLERWATCH.COM, INC.,
a Florida corporation,

**CIV - FERGUSON**

Plaintiff,

vs.

MAGISTRATE JUDGE
SNOW

MOTOROLA, INC., a Delaware corporation

Defendant.

_____/

# COMPLAINT

TODDLERWATCH.COM, INC., a Florida corporation ("Toddlerwatch") sues defendant MOTOROLA, INC., a Delaware Corporation ('Motorola"), and states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Toddlerwatch is a corporation incorporated under the laws of the State of Florida, having its principal place of business in the State of Florida. Motorola is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Illinois. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28U.S.C. § 1332.

2. Venue is proper in Fort Lauderdale, Florida as Motorola is authorized to and is transacting business in Fort Lauderdale, Florida.



Case No.:

## **GENERAL ALLEGATIONS**

3. Toddlerwatch provides real-time video monitoring services via streaming video transmitted over the Internet. Toddlerwatch was organized in 1999, with an initial target market that included pre-schools, day care institutions, hospitals and senior care facilities.

4. As its business developed Toddlerwatch sought out other companies to form business relationships that would provide support, services or products to enable Toddlerwatch to service its clients and expand its markets.

5. As part of an overall strategy Toddlerwatch sought to form a relationship with an entity capable of working with Toddlerwatch to promote, launch and develop applications and products featuring Toddlerwatch's video monitoring services.

6. Sometime during 1999 Toddlerwatch began discussions with Motorola's Multiservice Networks Division ("MND") to develop a voice/video/router solution using Motorola products (the "Product"). On or about April 25, 2000 Motorola submitted to Toddlerwatch a Marketing Requirement Statement setting forth Motorola's understanding of the project.

7. Over the course of the ensuing months Toddlerwatch worked with various divisions of Motorola (i.e., Motorola Labs) to workout specifications for the development of the Product. Toddlerwatch and Motorola personnel traveled to each other's facilities for meetings and strategy sessions, exchanging information and data, to develop the product.

Case No.:

With each meeting Motorola's enthusiasm for the product grew by leaps and bounds as they realized the economic potential of Toddlerwatch's product.

8. Early on in 2000, Motorola and Toddlerwatch began discussions to form a joint venture whereby Motorola and Toddlerwatch would collaborate on marketing, product and application development of the Product for Toddlerwatch's key markets.

9. On or about November 1, 2000 Motorola and Toddlerwatch executed a Memorandum of Understanding (the "MOU") concerning their business relationship.

10. On or about May 15, 2001 Motorola entered into an extension of MOU agreeing to extend the expiration of the MOU through October 31, 2001.

11. On or about July 5, 2001 Motorola announced that it had signed an agreement with Platinum Equity Holdings Inc., whereby Motorola would divest itself of its Multiservice Network Division ("MND") rendering it impossible for Motorola to honor its obligations to Toddlerwatch.

12. Upon learning about the intended sale Toddlerwatch attempted to contact executives at both Motorola and Platinum Equity Holdings to address its rights but all attempts have been ignored.

13. All conditions precedent to the bringing of this action have occurred, been satisfied or waived.

14. Toddlerwatch respectfully requests a trial by jury as to all issues so triable.

FISCHER & MINSKI, P.A.
Oakwood Business Center, One Oakwood Boulevard, Suite 250, Hollywood, Fl 33020
Tel: (954) 927-7474; Fax: (954) 927-1676

-3-

Case No.:

## COUNT I
## ANTICIPATORY REPUDIATION

15. Toddlerwatch reavers and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein and further alleges as follows:

16. On or about November 1, 2000 Motorola entered into a MOU with Toddlerwatch. A copy of the MOU is attached as exhibit A.

17. The MOU recited, *inter alia,* that "[T]he parties intend to negotiate in good faith toward the execution of definitive Agreement for the procurement of the Product...before February 28, 2001 which will detail the parties' respective obligations and rights regarding the purchase of the Product, and the long-term relationship."

18. On or about May 15, 2001 Motorola extended the expiration of the MOU to October 31, 2001.

19. On or about July 5, 2001 Motorola entered into an agreement to sell it's MND division to Platinum Equity.

20. Motorola has anticipatorily repudiated its obligation to Toddlerwatch to negotiate in good faith toward the execution of a definitive agreement concerning the Product by virtue of sale of it MND division to Platinum Equity.

21. As a result of Motorola's anticipatory repudiation of its obligations to Toddlerwatch, Toddlerwatch has suffered damages including but not limited to lost sales, revenues, profits, trade secrets, favorable business relationships among other compensable harm.

FISCHER & MINSKI, P.A.
Oakwood Business Center, One Oakwood Boulevard, Suite 250, Hollywood, Fl 33020
Tel: (954) 927-7474; Fax: (954) 927-1676

-4-

Case No.:

WHEREFORE, Toddlerwatch prays this court enter judgment in its favor and as against Motorola for compensatory damages in the amount $350,000,000.00, cost of litigation, prejudgment interest and such other relief as the court deems just and proper.

## COUNT II
## FRAUDULENT INDUCEMENT

22. Toddlerwatch reavers and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein and further alleges as follows:

23. After the execution of the MOU Motorola prepared a press release titled, "MOTOROLA, TODDLERWATCH EXPAND PARTNERSHIP." The release touts the "companies' existing strategic alliance" and that the companies would "continue to partner" to develop solutions based upon RemoteVU.

24. Motorola induced Toddlerwatch to work with Motorola (disclose trade secrets) by representing to Toddlerwatch that:

   a. Motorola intended to enter into a joint venture with Toddlerwatch;

   b. The joint venture would promote, launch and develop applications;

   c. Motorola would collaborate with Toddlerwatch marketing, product and application development of key markets across North America;

   d. Toddlerwatch would take an active role in the development of the Product;

   e. Motorola would provide the capital to the joint venture and all technical knowledge and facilities;

   f. Motorola would negotiate in good faith.

FISCHER & MINSKI, P.A.
Oakwood Business Center, One Oakwood Boulevard, Suite 250, Hollywood, Fl 33020
Tel: (954) 927-7474; Fax: (954) 927-1676

-5-

Case No.:

25. At the time Motorola made these representations to Toddlerwatch, Motorola knew the representations were false and material.

26. Toddlerwatch relied upon Motorola's representations, entered into the MOU and disclosed valuable trade secrets to Motorola.

27. As a result of being fraudulently induced by Motorola Toddlerwatch has suffered damages. Toddlerwatch reserves the right to amend its complaint to assert a claim for punitive damages pursuant to statute.

WHEREFORE, Toddlerwatch prays this court enter judgment in its favor and as against Motorola for compensatory damages in the amount $350,000,000.00, cost of litigation, prejudgment interest and such other relief as the court deems just and proper.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS

28. Toddlerwatch reavers and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein and further alleges as follows

29. Motorola is utilizing Toddlerwatch's trade secrets without its consent or authority.

30. Motorola knows or has reason to know that the information was acquired under circumstances creating a duty of confidence or by improper means.

31. As a result of Motorola's mis-appropriation of Toddlerwatch's trade secrets Toddlerwatch has suffered pecuniary loss.

WHEREFORE, Toddlerwatch prays this court enter judgment in its favor and as against Motorola for compensatory damages equal to Motorola's pecuniary gain resulting

FISCHER & MINSKI, P.A.
Oakwood Business Center, One Oakwood Boulevard, Suite 250, Hollywood, Fl 33020
Tel: (954) 927-7474; Fax: (954) 927-1676

-6-

Case No.:

form the misappropriation, cost of litigation, prejudgment interest and such other relief as the court deems just and proper.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

32. Toddlerwatch reavers and realleges the allegations set forth in paragraphs 1 through 14 and 24 above as if fully set forth herein and further alleges as follows:

33. At all times material hereto Motorola assured Toddlerwatch that they were in a position of trust and confidence.

34. As a result of these assurances Toddlerwatch imposed its trust and confidences in Motorola.

35. As a further result of these assurances Motorola owed Toddlerwatch a fiduciary duty not to abuse Toddlerwatch's trust and confidence.

36. Motorola breached its fiduciary duties owed to Toddlerwatch for its own profit.

37. As a result of this breach Toddlerwatch has suffered damages and Motorola has been unjustly enriched.

WHEREFORE, Toddlerwatch prays this court enter judgment in its favor and as against Motorola for compensatory damages, cost of litigation, prejudgment interest and such other relief as the court deems just and proper.

## COUNT V
## PROMISSORY ESTOPPEL

38. Toddlerwatch reavers and realleges the allegations set forth in paragraphs 1 through 14 and 24 above as if fully set forth herein and further alleges as follows:

Case No.:

39. At all times material hereto Motorola promised to negotiate in good faith towards the execution of a joint venture.

40. Toddlerwatch relied on Motorola's promises and has detrimentally altered its position based upon its reliance.

41. As a result of Toddlerwatch's reliance on Motorola's promises, to its detriment, Motorola is estopped from denying its joint venture relationship with Toddlerwatch and should be compelled to disgorge all revenues from the sale of the MND division to Platinum Equity in relation to the value of the Product.

WHEREFORE, Toddlerwatch prays this court enter judgment in its favor and as against Motorola for compensatory damages, cost of litigation, prejudgment interest and such other relief as the court deems just and proper.

**FISCHER & MINSKI, P.A.**
Attorneys for PLAINTIFF
Oakwood Business Center
One Oakwood Boulevard, Suite 250
Hollywood, Florida 33020
Tel:   (954) 927-7474
Fax :  (954) 927-1676

BY: _____
George A. Minski
Florida Bar No. 724726

FISCHER & MINSKI, P.A.
Oakwood Business Center, One Oakwood Boulevard, Suite 250, Hollywood, Fl 33020
Tel: (954) 927-7474; Fax: (954) 927-1676

-8-

## MEMORANDUM OF UNDERSTANDING BETWEEN TODDLERWATCH.COM, INC AND THE MULTISERVICE NETWORKS DIVISION OF MOTOROLA, INC.

This Memorandum of Understanding ("MOU") is entered into as of the 1st day of November, 2000 between the Multiservice Networks Division of Motorola, Inc. ("Motorola") and Toddlerwatch.com, Inc. ("Toddlerwatch"). This document reflects the current intent and understanding of the parties with respect to the business relationship described below. This MOU is not intended to and does not create any legally binding obligations between the parties. The description of potential terms is not intended to be the precise or final language, which may or may not be included in any such agreement and does not bind either party to enter into a contractual relationship. All proprietary information discussed and/or shared under this MOU shall be protected under the terms of a mutual Nondisclosure Agreement as referred to below.

### 1. Scope of Relationship

Motorola is developing a product, currently referred to as the "Portable Eye" (the "Product"), which Motorola estimates will be ready for first customer ship on March 1, 2001, and Toddlerwatch agrees to purchase a minimum quantity of [To be determined] units of the Product in the first three (3) months after first customer ship for use in Toddlerwatch's business under a Purchase Agreement ("Purchase Agreement"). Moreover, in order to help facilitate these purchases and other positive developments, Toddlerwatch and Motorola have agreed to work closely to promote, launch and develop applications and products using Motorola's Product. Toddlerwatch and Motorola will collaborate on marketing, product and application development for the key markets that Toddlerwatch serves, including childcare, senior care, health care and institutional markets across North America including remote viewing capability via the internet and wireless devices. Toddlerwatch will take an advisory role in the development of new Product features and functionality by Motorola that will best fit the markets and customers that pertain to Toddlerwatch's current business model, whereas Motorola will provide the technical knowledge and facilities to effectively bring to the defined market the products and services for the agreed upon applications. The parties intend to negotiate in good faith toward the execution of a definitive Agreement (the "Agreement") for the procurement of the Product defined in the Purchase Agreement before February 28, 2001, which will detail the parties' respective obligations and rights regarding the purchase of the Product, and the long-term business relationship.

### 2. The Agreement.

The Agreement would include, among other provisions, the following:

a. Price. Provisions by which Motorola would offer to Toddlerwatch the Product for use or resale by Toddlerwatch to end-users at standard price terms and conditions. The terms of such distribution arrangement would be mutually negotiated by the parties and set forth in the Agreement.

b. <u>Software; Firmware</u>. The Agreement would include provisions to identify and define each party's intellectual property rights under the terms of the Agreement. All right, title, and interest to the intellectual property would remain with Motorola subject to license rights to be granted to Toddlerwatch. One or more components of the Product Toddlerwatch purchases or leases from Motorola may contain firmware programs built into its circuitry. Toddlerwatch's purchase or lease of the Product includes a non-exclusive license to use and sublicense the firmware only as part of the Product and only under the following conditions: (i) Motorola (or its supplier) retains all title and ownership to the programs; (ii) the firmware may not be copied, disassembled, decompiled or reverse engineered under any circumstances; and (iii) Toddlerwatch will only transfer possession of the programs in conjunction with a transfer of Product. The above shall also apply to this MOU.

c. <u>Warranty</u>. The Agreement will include Motorola's standard warranties offered for the Product.

d. <u>Other</u>. The Agreement will contain other customary representations, warranties, covenants and limitations of liability with respect to the business relationship.


EXHIBIT A

### 3. Condition Precedent.

A meeting of the minds of both Motorola and Toddlerwatch regarding the terms and conditions of the Agreement and the business relationship is a condition precedent to any obligations between Motorola and Toddlerwatch. Should the parties not execute a legally binding agreement, neither party shall be liable to the other for the failure to implement any of the matters described in this MOU or for the failure to enter into a binding Agreement. It is specifically understood and agreed that under no circumstances shall either party be liable for any special, indirect or consequential damages (including lost profits) to the other party, its customers or any other third party, even if either party has been previously advised of the possibility of such damages.

### 4. Non-Disclosure.

Any information of a confidential and proprietary nature including, but not limited to, technical, test and analysis data, specifications, prototypes, marketing, application, financial, bookkeeping, business, and customer information made available by either party to the other shall be kept in strict confidence by the party the information was disclosed to. The above shall also apply to this MOU. In order to give effect to the above, the parties have also executed a nondisclosure agreement.

### 5. Relation of the Parties.

Each of the parties will act as, and will be, independent contractors in all aspects of this MOU. Neither party will act or have authority to act as an agent for the other party for any purpose whatsoever. Nothing in this MOU will be deemed to constitute or create a joint venture, partnership, pooling arrangement, or other formal business entity or fiduciary relationship between Motorola and Toddlerwatch. Each party will continue to independently determine its own marketing, pricing, development and other activities and policies except as expressly provided in the Agreement.

### 6. General

This MOU sets forth the current intentions of the parties with respect to business activities described, but in no way gives rise to any legal obligations except obligations under Section 4. This MOU does not contain all matters upon which accord must be reached in order to enter into a binding Agreement. Each party reserves the right to terminate discussion with respect to these matters at any time without any obligations to the other party except obligations under Section 2(b) and Section 4 above.

Neither party shall be liable to the other for the failure to implement any of the matters described in this MOU or for the failure to enter into a binding Agreement. Each party shall be responsible for its own costs and expenses in relation to these discussions. This MOU will expire on March 31, 2001 or at the time of execution of the Agreement (whichever is earlier).

IN WITNESS WHEREOF, the parties have caused this Memorandum to be executed by their respective authorized representatives.

Motorola, Inc.  
Multiservice Networks Division

By _____  
Print Name  Jim Williams  
Title  V.P., North American Sales  
Date  10/31/00

Toddlerwatch.com, Inc.

By _____  
Print Name _____  
Title  CEO/President  
Date  11/3/00

(M) **MOTOROLA**

**Extension of Memorandum of Understanding between Toddlerwatch and Motorola**

This Extension of the Memorandum of Understanding ("MOU") is entered into as of May 1, 2001 by and between Motorola, Inc. ("Motorola"), through its Multiservice Networks Division, and Toddlerwatch.com, Inc. ("Toddlerwatch").

The parties have entered into a business relationship under an MOU dated November 1, 2000. Toddlerwatch and Motorola are continuing their relationship within the scope of the MOU, and plan on negotiating in good faith toward the execution of a definitive purchase agreement ("Agreement"). Under the MOU, the Agreement was to be completed on or before February 28, 2001.

By this Extension, the parties agree to extend the term of the MOU, and the time in which to finalize the Agreement, from the MOU's original expiration date of March 31, 2001 to the earlier of October 31, 2001 or to the of execution of the Agreement.

IN WITNESS WHEREOF, the parties have caused this Extension to be executed by their respective authorized representatives.

| Motorola, Inc., through its Multiservice Networks Division | Toddlerwatch.com, Inc. |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Title: V.P. & Director | Title: _[illegible]_ |
| Date: May 15, 2001 | Date: 4/28/01 |

EXHIBIT [B]

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**01-7413**

**I (a) PLAINTIFFS**

TODDLERWATCH.COM, INC., a Florida corporation,

**DEFENDANTS**   **CIV - FERGUSON**

MOTOROLA, INC., a Delaware corporation,

**MAGISTRATE JUDGE SNOW**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fischer & Minski, P.A.
One Oakwood Plaza, Suite 250
Hollywood, FL 33020

(954) 927-7474

ATTORNEYS (IF KNOWN)

A 0:01CV07413-WPF -Snow

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|                              | PTF | DEF |                                                              | PTF | DEF |
|------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State        | ☒1  | ☐1  | Incorporated or Principal Place of Business in This State    | ☒4  | ☐4  |
| Citizen of Another State     | ☐2  | ☐2  | Incorporated and Principal Place of Business in Another State | ☐5  | ☐5  |
| Citizen or Subject of a Foreign Country | ☐3  | ☐3  | Foreign Nation                                               | ☐6  | ☐6  |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

IVa.   3-4 weeks (approx.)
   days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / B ☐ 371 Truth in Lending | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | B ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | *A or B |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |
| | | *A or B | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23

**DEMAND $** $350,000,000.00

Check YES only if demanded in complaint.
**JURY DEMAND:**  ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions)
**IF ANY**   JUDGE _____   DOCKET NUMBER _____

DATE   SIGNATURE OF ATTORNEY OF RECORD

---

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 523226   Amount: 150.00
Date Paid: 8/27/01   M/ifp: _____